UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY D. OTROSINKA,

        Petitioner,

                                      Case No. 16-10058

v.                                        HON. TERRENCE G. BERG

J. A. TERRIS,

        Respondent.

_____/

**ORDER SUMMARILY DISMISSING THE HABEAS PETITION, BUT GRANTING LEAVE TO PROCEED _IN FORMA PAUPERIS_ ON APPEAL**

## I. INTRODUCTION

Petitioner Jeremy D. Otrosinka, an inmate at the Federal Correctional Institution in Milan, Michigan, recently filed a _pro se_ habeas corpus petition under 28 U.S.C. § 2241. Petitioner was convicted of an unspecified crime in the United States District Court for the Western District of New York and sentenced on July 3, 2013 to fifteen years in prison, followed by a lifetime of supervised release. In his habeas petition, Petitioner challenges the validity of his sentence. He asserts as grounds for relief the following:

    I.      Congress . . . lacked the constitutional authority to enact the PROTECT Act, acting ultra vires;

    II.     The PROTECT Act alongside Section 2G2.2 of the Federal Sentencing Guidelines Manual, produces a sentencing "starting point" that is cruel and unusual in most cases [as seen in this case] violating the Eighth Amendment;

      III.    The PROTECT Act alongside Section 2G2.2 of the Federal
           Sentencing Guidelines Manual, together, violate the Due
           Process Clause of the Fifth and Fourteenth Amendments;
           and

      IV.    The PROTECT Act alongside Section 2G2.2 of the Federal
           Sentencing Manual are unconstitutionally vague and
           apply broadly.

Pet. for Writ of Habeas Corpus, Pg ID 6 - 8.

Petitioner seeks to be re-sentenced.  However, as explained more fully below, § 2241 authorizes habeas petitions challenging the execution of the sentence, or the manner in which it is served, rather than the legality of the sentence. Consequently, § 2241 is not the proper vehicle to challenge the legality of Petitioner's federal sentence, and the habeas petition under § 2241 must be dismissed.

## II.  DISCUSSION

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).  But the primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *see Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56.  Petitioner is challenging the legality of his sentence, as opposed to, the execution or manner in

which he is serving his sentence.  Therefore, the proper remedy for his claims is a motion to vacate, set aside, or correct the sentence under § 2255.

The "savings clause" of § 2255 provides an exception to the rule that federal prisoners must challenge the legality of their sentences in a § 2255 motion.  The exception applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), that is, when the failure to allow some form of collateral review would raise "serious constitutional questions."  *Frost v. Snyder*, 13 F. App'x 243, 248 (6th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)).  It is the prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756.  The remedy under § 2225 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire.  *Id*. at 756-58.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.  *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Peterman*, 249 F.3d at 462 ("[C]laims do not fall within any arguable construction of [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); *see also Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).  A valid assertion of actual innocence is more

than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime.  *See Martin*, 319 F.3d at 804–05; *Peterman*, 249 F.3d at 462.

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In other words, Petitioner must point to a decision holding that a substantive criminal statute no longer reaches certain conduct, *i.e.*, that he stands convicted of "an act that the law does not make criminal."  *Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)); *see also Bailey v. United States*, 516 U.S. 137, 150-151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court redefined "use" in a restrictive manner).

Petitioner is not claiming to be actually innocent of the underlying crime for which he was found guilty.  Instead, he is challenging the actions of the United States Congress and the United States Sentencing Commission and claiming that his sentencing guidelines were miscalculated.  He has failed to demonstrate that he is actually innocent due to an intervening change in the law.  In the absence of such a claim of actual innocence, Petitioner does not allege facts sufficient to fall within the savings clause of § 2255 and fails to show that this statute affords an inadequate or ineffective remedy.[1]

---

[1]  Petitioner alleges that he has already filed a motion under § 2255 in the United States District Court of the Western District of New York.  If he would like to

4

### III. CONCLUSION

To summarize, the proper remedy for a challenge to the lawfulness of a federal conviction and sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  A prisoner may file a habeas petition under 28 U.S.C. § 2241 only when the remedy under § 2255 is inadequate or ineffective, such as when the petitioner makes a claim of actual innocence.  Petitioner has not demonstrated that he is actually innocent of the crime for which he was convicted and sentenced or that an intervening change in the law establishes his actual innocence.  Therefore, Petitioner's remedy under § 2255 is not inadequate or ineffective, and the habeas petition is summarily **DISMISSED** without prejudice. This dismissal is pursuant to Habeas Rule 4, "which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).[2]

---

pursue this challenge to the legality of his sentence under § 2255, but is concerned that filing such a petition before the sentencing court would be viewed as a second or successive petition and disallowed, the proper course of action would be to file a motion for leave to file a second or successive petition in the Second Circuit Court of Appeals, asking that Court for permission to file such a petition.  *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  In pointing out this procedural requirement, the Court states no opinion on whether such a motion would be likely to succeed.

[2] The rules governing cases under 28 U.S.C. § 2254 also apply to habeas petitions that were not filed under § 2254.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## IV.  APPEALABILITY; LEAVE TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL

If Petitioner appeals this Court's decision, he need not request a certificate of appealability because certificates of appealability are not needed to appeal the denial of a habeas corpus petition filed under § 2241 "where detention is pursuant to federal process."  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Petitioner may proceed *in forma pauperis* on appeal, because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  May 17, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on May 17, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager