UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY D. OTROSINKA,

        Petitioner,

                                Case No. 16-10058

v.                                  HON. TERRENCE G. BERG

J. A. TERRIS,

        Respondent.

_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (DKT. 8)

On May 17, 2016, the Court issued an order summarily dismissing Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. 5). Petitioner has now filed a motion to alter or amend the Court's judgment (Dkt. 8). For the reasons stated below, the Court will deny Petitioner's motion.

A motion to alter or amend a judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Rule 7.1(g)(3) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable,

manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of habeas corpus. Petitioner is merely presenting issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court dismissed his petition for writ of habeas corpus. *See Hence v. Smith*, 49 F.Supp.2d 547, 553 (E.D. Mich. 1999).

Accordingly, Petitioner's motion to alter or amend the judgment (Dkt. 8) is **DENIED**.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2016

**Certificate of Service**

I hereby certify that this Order was electronically submitted on November 14, 2016, using the CM/ECF system, which will send notification to each party, and sent to unrepresented parties via postal mail.

s/A. Chubb
Case Manager
